UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHARLANTE FLEURANTIN,

        Plaintiff,
vs.

SELECT PORTFOLIO SERVICING, INC.

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, CHARLANTE FLEURANTIN, by and through undersigned counsel, and brings this action against the Defendant, SELECT PORTFOLIO SERVICING, INC. ("SPS"), and as grounds thereof would allege as follows:

## INTRODUCTION

1.    This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2.    The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3.    Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, and Section 1024.35 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, SPS was and is a foreign Corporation, incorporated under the laws of the State of Utah, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301.

8. At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, and owns a home, which is Plaintiff's primary residence, in Palm Beach County.

9. At some point in time prior to the violations alleged herein, SPS was hired to service the subject loan.

10. At all times material hereto, SPS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by SPS and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at *** Sunflower Ave, Delray Beach, Florida 33445.

## BACKGROUND AND GENERAL ALLEGATIONS

11. On or about October 23, 2006, Plaintiff entered into a promissory note agreement with First NLC Financial Services, LLC (the "Note").

12. The Note was secured by a mortgage on Plaintiff's residence located at *** Sunflower Ave, Delray Beach, Florida 33445, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage").

13. Plaintiff's residence is a residential structure containing one to four family housing units.

14. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

15. In August 2013, Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") in a fight to save her home.

16. After much discussion, Plaintiff determined her best chances of saving her home would be through a loss mitigation program.

17. Therefore, on September 2, 2014, Loan Lawyers, on behalf of Plaintiff, submitted a loss mitigation application to SPS via fax and also to SPS' counsel.

18. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), SPS was required to provide a written notice within five (5) business days of receipt of the loss mitigation application acknowledging receipt of same and whether SPS determined said application to be complete or incomplete. If SPS deemed the application incomplete, SPS was required to provide written notice of the additional documents and information that must be submitted to make the loss mitigation application complete and a date within which to submit said documents and information.

19. Having not received a written acknowledgment on the loss mitigation application within the mandated timeframe, on September 30, 2014, Loan Lawyers, on behalf of Plaintiff, mailed to SPS a Notice of Error pursuant to 12 C.F.R. § 1024.35 ("Plaintiff's NOE"). SPS received Plaintiff's NOE on October 6, 2014.

20. A true and correct copy of same is attached as Exhibit "A".

21. Plaintiff's NOE asserted an error for SPS' failure to provide a written acknowledgment on Plaintiff's NOE deeming the application complete or incomplete. This information was pertinent because at the time of submission, Plaintiff had a trial date in the Foreclosure set for October 29, 2014.

22. Pursuant to 12 C.F.R. § 1024.35(d), SPS was required to acknowledge receipt of Plaintiff's NOE within five (5) days (excluding legal public holidays, Saturdays, and Sundays) of receipt of same.

23. Pursuant to 12 C.F.R. § 1024.35(e), SPS was required to provide a written response to Plaintiff's NOE within thirty (30) days (excluding legal public holidays, Saturdays, and Sundays) of receipt of same by either correcting the errors asserted or providing a written notification that includes a statement that the servicer has determined that no error occurred and the reason(s) for that determination.

24. On October 17, 2014, SPS responded to Plaintiff's NOE.

25. A true and correct copy of the response is attached hereto as Exhibit "B".

26. However, SPS' response was deficient of what was asked for and required under the law.

27. SPS stated that it "received the financial documents and have sent them to an underwriter for review. If additional documents are needed a letter will be sent shortly after the review stating what is still needed to complete the document packet." *See Exhibit "B"*.

28. SPS failed to state whether the application was complete or incomplete and left a window of undetermined time open for SPS to inform Plaintiff whether the application was

complete or incomplete. This was the precise issue with SPS' failure to acknowledge receipt of Plaintiff's loss mitigation application in the first place.

29. Thus, SPS failed to correct the error asserted or provide a reason why no error occurred pursuant to 12 C.F.R. § 1024.35.

30. By October 28, 2014, Plaintiff's counsel had provided SPS with all documentation requested after its October 17, 2014, response, and since then, SPS has not informed Plaintiff's counsel whether the loss mitigation application is complete or incomplete.

31. Rather, SPS has informed Plaintiff's counsel that the file is in review – as SPS did in their response to Plaintiff's NOE.

32. Pursuant to 12 C.F.R. § 1024.41(c), SPS was required to provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, SPS will offer Plaintiff. By failing to do so, SPS has violated 12 C.F.R. § 1024.41(c).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

33. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 32.

34. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or

> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

35. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

36. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

37. SPS has failed to comply with 12 C.F.R. § 1024.35(e)(1) in that SPS did not provide a written response to a notice of error in compliance with the requirements under 12 C.F.R. § 1024.41(b)(2)(i)(B). As such, SPS has violated 12 U.S.C. § 2605(k)(1)(C).

38. SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(c) in that SPS did not provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, SPS will offer Plaintiff..

39. As such, SPS has violated 12 U.S.C. § 2605(k)(1)(E).

40. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

41. Plaintiff is entitled to actual damages as a result of Defendant, SPS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: emotional distress, photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of SPS's failure to comply the loss mitigation requirements under 12 C.F.R. § 1024.41. *See* <u>Almquist v. Nationstar Mortg., LLC</u>, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); <u>Marais v. Chase Home Finance, LLC</u>, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); <u>Soriano v. Countrywide Home Loans, Inc.</u>, Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); <u>Cortez v. Keystone Bank, Inc.</u>, 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); <u>Rawlings v. Dovenmuehle Mortg., Inc.</u>, 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

42. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SPS's pattern or practice of noncompliance with Regulation X and RESPA.

43. In this case alone, SPS has violated five (5) separate provisions of Regulation X and RESPA.

44. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to SPS, relating to other clients under the applicable statutes, in which SPS failed to acknowledge or adequately respond as required by law.

45. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, CHARLANTE FLEURANTIN, respectfully asks this Court to enter an order granting judgment for the following:

(a) That SPS be required to review Plaintiff for any and all loss mitigation options pursuant to 12 C.F.R. § 1024.41(c);

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHARLANTE FLEURANTIN, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786